**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SARAH CASTLE,
*Plaintiff*,

v.

CITY OF ANNAPOLIS POLICE DEPARTMENT, *et al.*,
*Defendants*

Case No. 25-cv-3713-ABA

**MEMORANDUM OPINION**

Plaintiff, Sarah Castle, alleges that Defendants, the City of Annapolis, the Annapolis Police Department, and Officer Riven Davis, performed an illegal search in violation of the Fourth Amendment and the Maryland Declaration of Rights by attempting unsuccessfully to unlock the door to her residence with a key. Defendants have filed a motion to dismiss contending that the attempted entry was not an unreasonable search prohibited by the federal and state constitutions. The Court agrees and will grant the motion and dismiss the complaint with prejudice.

## I. BACKGROUND[1]

Plaintiff alleges "[t]hat on June 16, 2023, Defendant Officer [Riven Davis], responded to an alleged assault at 521 Horn Point Road, City of Annapolis, Maryland" and "without consent, probable cause and/or exigent circumstances, attempted . . . to unlock and enter the Plaintiff's residence with a key provided by a third party who did not have the authority to give consent." ECF No. 1 ¶¶ 13 & 14. Plaintiff alleges "[t]hat

[1] At the pleadings stage, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Defendant Officer was not successful in his attempt to enter the Plaintiff's home due to the key not working." *Id.* at 17. Plaintiff alleges that this attempted entry "constituted an unlawful search of the Plaintiff's property under the 4th amendment of the United States Constitution." *Id.* ¶ 3. Plaintiff further alleges the Annapolis Police Department "took no measures to train and ensure that Defendant Officer did not violate the Plaintiff's civil rights related to search and seizures." *Id.* ¶ 24.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering such a motion, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King,* 825 F.3d at 212. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

Plaintiff alleges violations of the Fourth Amendment and Article 24 of the Maryland Declaration of Rights based on Officer Davis's unsuccessful attempt to unlock the door to her residence with a key. The Court assumes that Plaintiff is asserting a claim under Article 26 (regarding search warrants) rather than Article 24 (regarding due process), but, regardless, it will consider the federal and state constitutional claims together because "Articles 24 and 26 are construed *in pari materia* with" their federal counterparts. *Littleton v. Swonger*, 502 F. App'x 271, 274 (4th Cir. 2012).

Defendants argue that Officer Davis's unsuccessful attempt to unlock the door was not an unreasonable search for purposes of the Fourth Amendment. In her response brief, Plaintiff does not directly address this argument and instead cites cases where actual entries occurred and simply asserts that "[t]he Complaint alleges that Officer Davis attempted to enter Plaintiff's apartment using a key obtained from a third party without a warrant, probable cause, exigent circumstances, or valid consent" and that "[s]uch allegations state a plausible claim." ECF No. 12-2 at 2. Plaintiff cites no cases where a court found an unsuccessful attempt to gain access to a dwelling was an unreasonable search under the Fourth Amendment or the Maryland Declaration of Rights.

28 U.S.C. § 1983 is the vehicle through which Plaintiff can bring her constitutional claims. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Fourth Amendment protects the right

"against unreasonable searches and seizures." U.S. Const. amend. IV; *see* Md. Const. Decl. of Rts. art. 26 (providing requirements for search warrants).

Here, Plaintiff alleges that Officer Davis's unsuccessful attempt to open the door to her residence with a key was a violation of the prohibition against unreasonable searches. "A 'search' occurs 'when an expectation of privacy that society is prepared to consider reasonable is infringed,'" and the Supreme Court has "never held that potential, as opposed to actual, invasions of privacy constitute searches for purposes of the Fourth Amendment." *United States v. Karo*, 468 U.S. 705, 712 (1984) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). The Court concludes that under the facts alleged, Officer Davis's unsuccessful attempt to unlock a door with a key does not amount to an unreasonable search under the Fourth Amendment or the Maryland Declaration of Rights because it did not unreasonably infringe on a reasonable expectation of privacy, given that he was not actually able to invade Plaintiff's privacy. While the Court is not aware of controlling precedent directly on point, other courts agree with this conclusion. *See Becker v. New Hampshire Div. for Child., Youth, & Fams.*, Case No. 24-cv-430-JL-TSM, 2025 WL 2647241, at *4 (D.N.H. Aug. 13, 2025) ("Becker's allegations about unsuccessful attempts to enter his apartment do not state a claim of a Fourth Amendment violation."); *Sweetman v. Boro of Norristown PA*, Case No. 11-cv-7404, 2013 WL 12096502, at *1 (E.D. Pa. May 28, 2013) (dismissing a claim "that an 'attempted apartment invasion' took place in violation of the Fourth Amendment" because "Section 1983 does not permit recovery for an attempted constitutional violation; only a claim of actual deprivation is cognizable under the statute") (quoting *Holt Cargo Sys., Inc. v. Del. River Port Auth.*, 20 F. Supp. 2d 803, 834 (E.D. Pa. 1998)).

Finally, because Plaintiff has not alleged a constitutional violation, there can be no municipal liability for failure to train Officer Davis. *See Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999) ("As there are no underlying constitutional violations by any individual, there can be no municipal liability.").

Plaintiff argues that if the Court grants the motion to dismiss, it should provide her leave to amend the complaint, but she does not explain what amendment could overcome the analysis above. Because there appears to be no set of facts that could turn Officer Davis's unsuccessful attempt to unlock the door to Plaintiff's residence into an unlawful search, any amendment would be futile. *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (holding that, while leave to amend a complaint is generally freely given, courts may deny such a motion in the face of prejudice, bad faith, or futility). As a result, the Court will dismiss the complaint without leave to amend and with prejudice. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming a dismissal with prejudice because "it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability").

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss will be granted. And because amendment would be futile, the dismissal will be with prejudice.

A separate order follows.

Date: September 2, 2026

/s/
Adam B. Abelson
United States District Judge